UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, a Tennessee professional services corporation,<br><br>　　　　　　Plaintiff,<br><br>-vs-<br><br>L. FRANK CHOPIN, individually and as guardian of Kathleen DuRoss Ford,<br><br>　　　　　　Defendant. | CASE NO.: _____ |

## COMPLAINT

COMES NOW Plaintiff BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, a Tennessee professional services corporation, by and through its undersigned attorneys, and files this its Complaint against Defendant L. FRANK CHOPIN, individually as an interested party in the Estate of Kathleen DuRoss Ford and as guardian of Kathleen DuRoss Ford, deceased, and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, ("BDBCB") is a professional services corporation, organized and existing under the laws of the state of Tennessee, having its principal place of business in the state of Tennessee. BDBCB is a multi-state law firm with one of its offices located in Orlando, Orange County, Florida. BDBCB provides legal services to its clients for a fee and associated costs.

4846-5069-6136

2. Defendant L. FRANK CHOPIN ("CHOPIN") is an individual who resides in Palm Beach, Florida.

3. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). The amount in controversy well exceeds $75,000.00 and the parties are all citizens of different States.

4. Personal jurisdiction exists over Defendant CHOPIN in this District because he resides here, has engaged in the practice of law in this District, and continues to serve in this District as the court appointed guardian of Kathleen DuRoss Ford, now deceased ("Mrs. Ford").

5. Events giving rise to this action all occurred in this District. Defendant CHOPIN is the person nominated as personal representative in the purported last will and testament of Mrs. Ford that he is seeking to probate in the circuit court for Palm Beach County. CHOPIN is the "interested person" who has objected to the claim for payment filed by Plaintiff in the estate proceedings for Mrs. Ford that precipitated the filing of this independent action. As guardian of the property of Mrs. Ford, Defendant CHOPIN is liable for payment of Plaintiff's fees.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. All conditions precedent to this action have occurred, been satisfied, or otherwise been waived.

**FACTUAL ALLEGATIONS**

8. On or around early November 2020, Deborah DuRoss Guibord ("Guibord") retained attorney Donald Christopher of BDBCB's Orlando office ("Christopher") to represent her as additional trial counsel in connection with her ongoing effort to obtain a ruling of legal incapacity of her mother, Mrs. Ford, and the appointment of a plenary guardian to protect and care for the physical needs of her incapacitated mother and to oversee and assume management

of her mother's financial affairs. Guibord requested that BDBCB join her trial team in the guardianship proceedings she had initiated a year before, as the Petitioner, in the matters styled: *In Re: Guardianship of Kathleen DuRoss Ford*, Case Nos. 502018GA000542XXXXNB and 502018MH003270XXXXNB, then pending in the Circuit Court of the Fifteenth Circuit, in and for Palm Beach County, Florida.

9. After Plaintiff BDBCB entered into a fee arrangement with Guibord, memorialized in its engagement letter with her, attorney Christopher initially appeared in court on behalf of Guibord on December 6, 2020 and has continued to participate actively in her representation as a member of Petitioner Guibord's trial team.

10. Ultimately, the guardianship court entered a final order on April 1, 2020, finding Guibord's mother, Mrs. Ford, totally incapacitated, but denied Petitioner Guibord's request to appoint her as guardian. The court nevertheless did appoint Defendant CHOPIN as the plenary guardian for Mrs. Ford. Unfortunately, Mrs. Ford died little more than a month later on May 8, 2020. The guardianship court's lengthy final order is currently being appealed by Petitioner Guibord to the Florida Fourth District Court of Appeal.

11. Notwithstanding the pending appeal of the guardianship court's final order, two determinations made in that order clearly benefited Mrs. Ford and are not subject to reversal on the appeal. One is that Mrs. Ford was determined to be completely incapacitated. The other is that as a result of Mrs. Ford's incapacity, the court determined to appoint a plenary guardian to oversee her affairs. Plaintiff BDBCB, as a participating member of Petitioner Guibord's trial team that obtained the court order benefitting Mrs. Ford is therefore entitled to recover from Mrs. Ford's assets all its attorneys' fees and costs in doing so pursuant to Section 744.108(1), Florida Statutes, and applicable Florida case law.

12. In accordance with the strict and detailed requirements of Florida statutes, Defendant CHOPIN, as guardian of Mrs. Ford, was obligated to prepare and file an initial guardianship report (§744.362), an initial guardianship plan (§744.363), and a verified inventory (§744.365) of Mrs. Ford's property. CHOPIN failed and neglected to comply with any of these statutory requirements. Over Petitioner Guibord's objection, CHOPIN then successfully convinced the guardianship court to waive his compliance.

13. During the course of the guardianship proceedings circumstantial evidence indicated that Defendant CHOPIN had created a complex web of trusts, corporations, and other entities, all closely controlled by him, that have held the entirety of the assets otherwise owned by Mrs. Ford. Despite Petitioner Guibord's repeated requests and demands, Defendant CHOPIN contended that any information concerning the trusts and the exhibits and documents referenced therein were neither proper for disclosure nor could be considered in connection with the guardianship proceedings. CHOPIN aggressively resisted testimony about the trusts or other entities. The guardianship court inexplicably shielded CHOPIN and precluded the disclosure of that information. Plaintiff BDBCB has therefore been unable to ascertain what assets of Mrs. Ford may be available to satisfy its claim for attorneys' fees and costs.

14. Assuming any property which continues to be subject to the guardianship is insufficient to satisfy Plaintiff BDBCB's claim for attorneys' fees and costs or that property previously under the guardian's control is now subject to administration in probate, then the deceased ward's probate estate is liable to pay Plaintiff's claim. Should the assets of Mrs. Ford's estate prove insufficient to satisfy Plaintiff's claim, then pursuant to Section 733.707(3), Florida Statutes, some of Mrs. Ford's trusts may be liable to pay Plaintiff's claim.

15. Petitioner Guibord filed her request on April 24, 2020 with the guardianship court for a formal determination of entitlement to fees and costs for her various counsel, including BDBCB, that had represented her in successfully obtaining the court appointment of a guardian for her mother, Mrs. Ford. Following a status conference on June 3, 2020, the guardianship court set a hearing for July 16, 2020 to take up the fees issue.

16. In the meantime, however, Defendant CHOPIN moved to continue the fee hearing until after conclusion of the pending appeal of the court's final order.  On July 10, 2020, pursuant to that request of CHOPIN, the guardianship court stayed, until the conclusion of the pending appeal, consideration of Petitioner Guibord's request for determination of the entitlement of her attorneys to recover their fees and costs for successfully representing her in obtaining appointment of a guardian for her mother, Mrs. Ford.

## COUNT I – DECLARATORY JUDGMENT

17. This is an action for a declaratory judgment, pursuant to 28 U.S.C. §2201.  An actual controversy exists with Defendant CHOPIN as to the entitlement of Plaintiff BDBCB to recover its reasonable attorneys' fees and costs which benefited the ward, Mrs. Ford, by the establishment of a guardianship to care for and protect her.

18. Plaintiff BDBCB realleges and adopts again all the allegations set forth in paragraphs 1 through 16 hereinabove.

19. To properly preserve its right to payment, Plaintiff BDBCB filed on July 31, 2020 its statement of claim in accordance with Probate Rule 5.490 and Section 733.702, Florida Statutes in the pending probate proceedings concerning the estate of Mrs. Ford.

20. In response, Defendant CHOPIN, as the "named Personal Representative in the Last Will of the decedent and as Trustee of the Kathleen DuRoss Ford Revocable Inter Vivos

Trust Agreement Dated September 27, 1988," filed an Objection on August 5, 2020, to the statement of claim that had been filed by Plaintiff BDBCB. Pursuant to Section 733.705(3), Florida Statutes, Plaintiff BDBCB therefore must bring this independent declaratory judgment action within 30 days of the date of the Objection or else Plaintiff's claim to payment is forever barred.

21. Plaintiff BDBCB seeks judgment and a declaration of this Court that it is entitled to recover from the Estate of Kathleen DuRoss Ford the sum of $140,733.94 for its representation of Petitioner Guibord in successfully establishing a guardianship for her mother, Mrs. Ford.

WHEREFORE, Plaintiff BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC demands judgment against Defendant L. FRANK CHOPIN, as guardian of the property of Kathleen DuRoss Ford, declaring that Plaintiff is entitled to recover the sum of $140,733.94, together with its attorneys' fees in bringing this action, all costs incurred in connection herewith, and such other and further relief as this Court deems just and proper.

Dated: September 3, 2020.

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
200 South Orange Avenue
Post Office Box 1549
Orlando, Florida 32802-1549
(407) 422-6600
*Attorneys for Plaintiff*

By: /s/ Donald E. Christopher
    Donald E. Christopher
    Florida Bar No. 215831
    dchristopher@bakerdonelson.com
    fedcts@bakerdonelson.com
    sdenny@bakerdonelson.com